# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY KARL ADKINS and KEITH FITZWATER, | : | |
| Plaintiffs, | : | |
| v. | : | No. 4:18-CV-624 |
| BRADFORD COUNTY PROBATION AND PAROLE, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### JULY 25, 2018

**I.     BACKGROUND**

Jeremy Karl Adkins and Keith Fitzwater filed this *pro se* civil rights action regarding their confinement at the Bradford County Correctional Facility, West Burlington, Pennsylvania. Adkins has completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. Despite being directed to do so by an Administrative Order issued by this Court and being granted ample time to comply with the Order, Fitzwater has not completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. Accordingly, Fitzwater's claims and his motion to proceed *in forma pauperis* will be dismissed

without prejudice and Adkins will be deemed the sole Plaintiff in this matter.

On May 4, 2018, Adkins filed a proposed amended complaint. The amended complaint which lists Adkins as the sole Plaintiff will be accepted. *See* Doc. 14. Named as Defendants therein are the Bradford County, Pennsylvania Probation and Parole Office and two of its employees Supervisor Justin Popovich and Parole Officer Kylie Starkey. Also named as Defendants are President Judge Maureen T. Beirne of the Court of Common Pleas of Bradford County, the Bradford County Public Defender's Office, and Chief Public Defender Richard Wilson, Esquire.

Adkins states that during April 2014 he was incarcerated in the State of Oklahoma while serving an Oklahoma state sentence. During that time period, Adkins asserts that he sought disposition of charges pending against him in Bradford County by filing a request pursuant to the Interstate Agreement on Detainers (IAD).

According to the Amended Complaint, Plaintiff was transferred from Oklahoma state custody to Bradford County in November 2014 to await disposition of his Pennsylvania state charges. On December 22, 2014, Plaintiff admits that he entered guilty pleas in three different driving under the influence cases. Adkins was sentenced by President Judge Beirne on February 9, 2015 to an aggregate three (3) to eighteen (18) month sentence. He was also given credit for

eighty-nine (89) days of time served. Plaintiff notes that the sentence was to run concurrently to his Oklahoma state sentence.

Under the provisions of the IAD, Plaintiff was then transported back to Oklahoma where he remained confined until August 14, 2015. Following his release, Adkins allegedly contacted Bradford County parole officials and was told that his Bradford County sentence would be completed as of May 15, 2016. During an October 2017 traffic stop in Oklahoma, Plaintiff was taken into custody pursuant to a Bradford County warrant. Adkins waived extradition and upon his return to Pennsylvania discovered that he was charged with a parole violation. He has been incarcerated in Bradford County since October 5, 2017.

Adkins alleges that the Bradford County Probation and Parole Office has implemented unlawful policies and procedures and has improperly calculated his sentence because every day spent released on parole was disregarded. The Amended Complaint acknowledges that Adkins was credited with service for the "actual days I have spent incarcerated in Pennsylvania and Oklahoma on the court ordered concurrent sentences." Doc. 14 ¶ 16. Plaintiff adds that the other named Defendants have failed to correct the alleged improper actions of the Probation and Parole Office. Adkins seeks injunctive relief; specifically, he seeks his immediate release. If not granted release, Plaintiff seeks a recalculation of all time credit and an explanation by the Defendants as to the calculation method. The Amended

Complaint also requests an award of compensatory and punitive damages.

**II.   DISCUSSION**

    **A.   Relief for Other Inmates**

Adkins seeks relief (in part) on behalf of other inmates presently confined in the Bradford County Prison. It is initially noted that Plaintiff has not sought class certification.

Numerous federal courts have recognized that a *pro se* litigant such as Adkins lack the capacity to represent the interests of his fellow inmates. *Cahn v. United States*, 269 F. Supp.2d 537, 547 (D.N.J. 2003); *Caputo v. Fauver*, 800 F. Supp 168, 170 (D.N.J. 1992); *Collinsgru v. Palmyra Board Of Education*, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others); *Osei-Afriye v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991). It is plain error to permit a pro se inmate litigant to represent fellow inmates. *Whalen v. Wiley*, No. 06- 809, 2007 WL 433340 *2 (D.Col. Feb. 1, 2007).

However, a *pro se* litigant such as Adkins may "continue individually to pursue his claims." *Id.* Simply put, a *pro se* prisoner pursuing a civil rights claim in federal court "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Id.; Nilsson v. Coughlin*, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).

Accordingly, since a *pro se* litigant cannot represent and protect the interests of other prisoners fairly and adequately, this action will be deemed to be solely filed by Adkins and his requests for relief for other inmates will not be entertained. *See Sacaza-Jackson v. Aviles*, 2007 WL 38905 *3 (D.N.J. Jan. 4, 2007).

B. **Standard of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, that the full filing fee ultimately must be paid (at least in a non-habeas suit). Section 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Douris v. Middleton Township*, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." *Roman v. Jeffes*, 904 F.2d 192, 194

(3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton*, 504 U.S. at 33.

### C. Judicial Immunity

As previously noted, President Judge Maureen T. Beirne of the Court of Common Pleas of Bradford County is named as a Defendant. Plaintiff asserts that President Judge Beirne issued an order in response to motions he filed which purportedly failed to address his pending claims. *See* Doc. 14, ¶¶ 24-25. Adkins asserts that the cloak of judicial immunity is not applicable because his claims regard Judge Beirne's administrative actions.

It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Oatess v. Sobolevitch*, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against

a judge based on an exercise of judicial power). The claims against Judge Beirne appear to be solely premised upon rulings made on motions filed by the Plaintiff with respect to his parole violation proceedings and sentence computation. As such, Adkins' pending claims are not based upon Judge Beirne's administrative duties but rather premised on actions taken in the course of her judicial duties. Accordingly, Judge Beirne is entitled to absolute immunity with respect to any claims by the Plaintiff for monetary relief.

**D.     Public Defender**

The named Defendants include the Bradford County Public Defender's Office, and Chief Public Defender Richard Wilson, Esquire. Plaintiff states that he contacted the Public Defender's Office seeking representation regarding his pending sentence calculation claims and was told that since his criminal prosecution was concluded, representation could not be provided by that office. *See* Doc. 14, ¶ 23.

It is also well-settled that public defenders and court appointed counsel are not subject to civil rights liability when performing a traditional lawyer's functions to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981); *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982). *Rankine v. Server*, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001); *Figueroa v. Clark*, 1992 WL 122872 (E.D. Pa. June 1, 1992). The claims raised against the Public Defender's

Office and Chief Public Defender Wilson are solely based upon a negative response to a request by the Plaintiff for further representation. Under the standards announced in *Polk* and *Black*, there is no basis for any claim for monetary relief against those Defendants since a decision as to whether an individual should be provided with further representation falls within a traditional lawyer's function to a criminal defendant.

   E.   **Heck**

Based upon a review of the Amended Complaint, the Plaintiff has not successfully challenged the legality or duration of his Bradford County confinement. There is no indication that Adkins has presented any of his pending claims to the Pennsylvania state appellate courts or sought federal habeas corpus relief.

To the extent that Plaintiff is seeking an award of monetary damages, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus." *Id.* at 486-87. There is no assertion in the Amended Complaint that the sentence calculation/parole violation underlying the pending claims has been rendered invalid.

Based on the nature of Adkins' allegations, a finding in his favor would imply the invalidity of the computation of the period of incarceration at issue here and even the parole violation itself. Thus, any request by Plaintiff for monetary damages against anyone involved with his ongoing Bradford County incarceration is premature; Plaintiff cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his state parole violation proceeding and sentence calculation, is rendered invalid. *See Gibson v. Superintendent*, 411 F.3d 427, 449 (3d Cir. 2005); *Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005). The requests advanced by Adkins must be deferred under *Gibson* and *Sanchez* until his underlying detention is rendered invalid. If Plaintiff is able to successfully challenge the fact or duration of his Bradford County confinement, under *Heck,* he may then reassert a claim for damages in a properly filed civil rights complaint.

### F. Injunctive/Declaratory Relief

The Complaint also includes factual assertions that Adkins is challenging the legality of a Bradford County parole violation proceeding and resulting sentence calculation. As relief, Plaintiff seeks his immediate release.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1975). The Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. *See Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. *Id.* at 646. Pursuant to *Preiser* and *Edwards*, Plaintiff's requests for injunctive relief, especially his request for immediate release, cannot be entertained by way of a civil rights complaint. As noted by the Third Circuit, "simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). In *Stolt-Nielsen, the* Third Circuit refused to grant an injunction against an anticipated indictment and stated:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

*Id.* at 185 (quoting *Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987). It is also noted that a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'" *Id.* at 187 (quoting *Terrace v. Thompson,* 263 U.S. 197, 214 (1923)). Plaintiff clearly has a plain, adequate and complete remedy at law in that he can pursue any challenge to the legality of his parole violation proceedings and resulting sentence calculation before the Pennsylvania state courts or via a federal habeas corpus petition, if appropriate.

## III. CONCLUSION

Since Plaintiff's pending civil rights claims are "based on an indisputably meritless legal theory" they will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge